**RICHMOND v. TOWN OF LARGO, FLA., et al.**

**No. 9966.**

Circuit Court of Appeals, Fifth Circuit.

March 28, 1942.

Giles J. Patterson, of Jacksonville, Fla., and T. M. Shackleford, Jr., of Tampa, Fla., for appellant.

Alfred P. Marshall and Harry L. Thompson, both of Clearwater, Fla., J. Tweed McMullen, of Tampa, Fla., and E. B. Casler, Jr., and Ralph Richards, both of Clearwater, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

## PER CURIAM.

The Town of Largo, Florida, was reincorporated as the City of Largo by legislative act and some 4,100 acres were added to the incorporated limits. It issued bonds for public improvements of about $1,000,-000. Thereafter, the Supreme Court of Florida, in the case of State ex rel. Davis v. City of Largo, 110 Fla. 21, 149 So. 420, held that the incorporation was invalid. Appellant, Hugh Richmond, who was the owner of certain bonds, issued by the City of Largo, brought suit against the Town of Largo and recovered judgment for $12,778.-13, which was affirmed on appeal, Town of Largo v. Richmond, 5 Cir., 109 F. 740. Certiorari was denied, 311 U.S. 663, 61 S.Ct. 19, 85 L.Ed. 425, and after the mandate went down to the District Court, appellant filed a proceeding, in the nature of a petition for an alternative writ of mandamus, and moved for the entry of an order directing the Town of Largo to appropriate in its budget an amount sufficient to pay the judgment and further requiring the Town of Largo to levy a special tax against all taxable property in said town, sufficient to pay the appropriation so made, or show cause for its failure so to do. The city then filed a third party proceeding under the provisions of Rule 14, Federal Rules of Civil Procedure, T. 28 U.S.C.A. following section 723c, against a number of taxpayers, in the territory excluded from the Town of Largo by the decision of the Florida Supreme Court, asking for a declaratory judgment to the effect that the taxpayers in said territory were liable for taxes to retire the outstanding bonds. The District Court suspended further consideration of appellant's proceeding until the third party's complaint was disposed of. Appellant did not make himself a party to the third party proceedings in any way. On the third party proceeding the District Court held that it was without power to assess property for taxation; or to direct the officers of the Town of Largo to make an assessment of property outside the territorial boundaries of the town; that there were no officers, de facto or otherwise, of the City of Largo; and that the third party's complaint sought a declaration of a purely abstract question of law. For those reasons the third party complaint was dismissed. The Town of Largo did not appeal from that judgment. However, plaintiff, alleging a pecuniary interest in the decision, took the appeal that is now before us.

A motion to dismiss the appeal has been filed by certain of the third party defendants. It is evident that appellant has no interest whatever in the third party proceedings. If the Town of Largo, for any reason, has authority to levy and collect taxes on the territory excluded, as to which we express no opinion, that question is still open in the District Court, with the right of appellant to appeal from an adverse decision unimpaired.

The motion to dismiss the appeal is granted. Appellant to pay costs of appeal.