## CRAMP SHIPBUILDING CO. v. UNITED STATES (Duffy Const. Corp., third party defendant).

### Civ. A. No. 7601.

United States District Court
E. D. Pennsylvania.

April 13, 1951.
Cause Remanded Jan. 8, 1952.

Lewis H. Van Dusen, Jr., Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

John Edward Sheridan, Philadelphia, Pa., for 3d party defendant.

GANEY, District Judge.

The claim made by the plaintiff in its request for reconsideration is that the ruling in United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058, is no longer law. As evidence of this claim it points to United States v. Yellow Cab Co., 1951, 340 U.S. 543, 71 S.Ct. 399. In that case the Supreme Court of the United States held that the government could be impleaded as a third-party defendant pursuant to Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and be required to answer the claim, made under the Federal Tort Claims Act, of a joint tort-feasor for contribution. That Act [1] provided that the practice and procedure in actions under the Act shall be in accordance with The Federal Rules of Civil Procedure. In the revision of Title 28, effective September 1, 1948, that provision was omitted as unnecessary because "the Rules of Civil Procedure promulgated by the Supreme Court shall apply to all civil actions".[2]

Because of the omission plaintiff states that the Rules apply to actions brought pursuant to 28 U.S.C. § 1346(a) (2) as well as to those instituted under 28 U.S.C. § 1346(b). With this statement we agree. For there can be no question that as to matters of practice and procedure, the Federal Rules govern actions under 28 U.S.C. § 1346(a) (2). However the question before us is not one of practice or procedure, but one of jurisdiction. The Federal Rules can not widen the jurisdiction of this court, they may only prescribe the methods by which that jurisdiction is to be exercised. United States v. Sherwood, supra, 312 U.S. 584, 591, 61 S.Ct. 767, 85 L.Ed. 1058.

To avoid the rule of the Sherwood case, plaintiff contends that the problem whether a party may be joined with the United States as a codefendant in an action under 28 U.S.C. § 1346(a) (2) is no longer a jurisdictional question. Although we are in sympathy with the position taken by plaintiff, stronger evidence than the fact that the Supreme Court construed the Federal Tort Claims Act liberally will be

---

1. Act of August 2, 1946, c. 753, Title IV, Sec. 411, 60 Stat. 844, 28 U.S.C. (1946 Ed.) § 932.

2. S.Rep.No.1559, 80th Cong., 2nd Sess. See United States v. Yellow Cab Co., 340 U.S. 543, at page 553, note 9, 71 S.Ct. 399, at page 406.

required by us before we would by-pass **or** ignore the ruling in the Sherwood case.

Accordingly, our opinion in the above entitled action filed February 16, 1951, is affirmed.