CRAMP SHIPBUILDING CO. v. UNITED
STATES et al.
No. 10498.

United States Court of Appeals
Third Circuit.

Argued Nov. 23, 1951.

Decided Jan. 8, 1952.

Thomas Reath, Philadelphia, Pa. (Frederick R. Drayton, Jr., J. Horace Churchman and Drinker Biddle & Reath, Philadelphia, Pa., on the brief), for appellant.

John Edward Sheridan, Philadelphia, Pa., for Duffy Const. Corp.

Lewis H. Van Dusen, Philadelphia, Pa., Irving Malchman, Washington, D. C. (Holmes Baldridge, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., Edward H. Hickey, Washington, D. C., Attys. Dept. of Justice, on the brief), for United States.

Before BIGGS, Chief Judge, and McLAUGHLIN and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

This appeal presents an enigma. On July 29, 1947 Cramp sued the United States under the Tucker Act, 28 U.S.C. § 1346(a) (2), alleging breach of contract. The complaint contains allegations which may state a cause of action against Duffy. Concerning this point we need now express no opinion. On November 18, 1947 the United States obtained leave to bring in Duffy as a third-party defendant. A complaint issued and Duffy answered. On April 12, 1948 the United States filed its answer to the original complaint. The trial of the case commenced on April 16, 1948 and was concluded on June 22, 1948. On April 26, 1949, prior to decision, Cramp moved to amend the complaint in order to "* * * include Duffy * * * as an additional defendant, * * * [it] having been brought in upon the record as a third party defendant * * * by the United States." On May 2, 1949, the parties stipulated that pursuant to Rule 20(a), Fed.Rules Civ. Proc. 28 U.S.C.A., the amended complaint should be filed and the court below entered an order approving this course.

On February 16, 1951 the court below made findings of fact and conclusions of law and filed an *opinion*. The opinion stated that Cramp could not maintain an

action against the United States with Duffy as an additional defendant. But it made no order striking out the amendment to the complaint, theretofore approved by it, which made Duffy an additional defendant. This was probably inadvertent. On March 12, 1951 the court entered a decree in favor of Cramp and against the United States in the sum of $4,180.69. On March 22, 1951 a judgment was entered which recited that the court had rendered a verdict for the third-party defendant, Duffy, and ordered the third-party complaint to be dismissed on its merits. Insofar as appears from the record no order was ever entered striking out Duffy as an additional defendant. On March 28, 1951 Cramp petitioned to strike the judgment dismissing the third-party action. After reargument on this issue the court in an opinion, D.C.E.D.Pa., 11 F.R.D. 556, affirmed its earlier position. On May 10, 1951 the court entered an order denying Cramp's petition to strike the judgment.

The notice of appeal and the appeal itself seem to be directed solely to the denial of Cramp's petition to strike the judgment dismissing the third-party action. But the arguments of the parties and their briefs seem to be directed entirely to the question as to whether Duffy may be joined as additional defendant, not as a third-party defendant. As we have said there is no order striking Duffy out as an additional defendant. There is no appealable order directed to this issue. In re D'Arcy, 3 Cir., 142 F.2d 313, 315, and the authorities there cited.

We will retain jurisdiction of the appeal at this number which goes to the validity of the judgment dismissing the third-party complaint. We will not now pass upon that judgment for it may be the case that the legality of the order dismissing the third party complaint should be considered by this court in the light of an order which may be entered by the court below striking out the amendment making Duffy an additional defendant. The record will be remanded for the purpose of permitting the court below to enter an order respecting the amendment to make Duffy an additional defendant. If such an order be entered and an appeal is taken

therefrom, that appeal and the appeal at bar may be considered at one and the same time. If such an order is not entered we will recall the record and dispose of the instant appeal.