CRAMP SHIPBUILDING CO. v. UNITED STATES (Duffy Const. Corp., third party defendant).

CRAMP SHIPBUILDING CO. v. UNITED STATES et al.

Nos. 10498, 10662.

United States Court of Appeals Third Circuit.

Argued Nov. 23, 1951.

Resubmitted Feb. 13, 1952.

Decided April 7, 1952.

Frederick R. Drayton, Jr., J. Horace Churchman, Thomas Reath, and Drinker, Biddle & Reath, all of Philadelphia, Pa., on the brief, for appellant.

John Edward Sheridan, Philadelphia, Pa., on the brief, for appellee.

Holmes Baldridge, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., Edward H. Hickey, Irving Malchman, Washington, D. C., Attorneys, Department of Justice, on the brief, for the U. S.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

This case is before us for the second time. On the first occasion at No. 10,498, Cramp Shipbuilding Company appealed from an order denying its petition to strike off a judgment entered in favor of Duffy Construction Corporation and against the United States. The judgment complained of at No. 10,498 by its terms dismissed the third-party action which the United States had brought against Duffy. The arguments and the briefs of the parties were directed solely to the question whether Cramp could join Duffy as an additional defendant in the suit at bar which was one brought against the United States under the Tucker Act, now embodied in 28 U.S.C. § 1346(a). Since the record disclosed no final order or disposition of this issue which the parties thought had been decided in the court below, we remanded the record but retained jurisdiction of the appeal at No. 10,498, to the end that substantial questions relating to joining Duffy as additional defendant might be adjudicated subsequently if the opportunity was offered. See Cramp Shipbuilding Co. v. United States and Duffy Construction Corp., 3 Cir., 193 F.2d 469. Upon remand the court ordered Duffy stricken out as an additional defendant. The appeal at No. 10,662 followed, and we can now determine the question which the parties thought was before us on the prior appeal.

The facts are as follows: Cramp entered into an agreement with the United States to build a drydock and ship-repair facilities in Philadelphia. This prime contract provided that Cramp was to receive no compensation for its services but was to be reimbursed by the United States for all costs incurred by it. By subcontract Cramp employed Duffy to perform most of the work involved. This subcontract, approved by the United States by the Navy Department, provided that Duffy should receive a fee for its services and reimbursement of all costs approved by the Navy.

Beginning late in December, 1942 and continuing until August 17, 1943 Duffy rented dump trucks for use in the construction. On July 1 and July 7, 1944, Cramp paid Duffy, with the authorization of the Navy and purportedly pursuant to the subcontract, $39,270 to reimburse Duffy for the amounts it had paid to the trucks' lessors for their rental. In July and August of 1944 Cramp in turn was reimbursed by the United States pursuant to the prime contract.

On March 21, 1946, the General Accounting Office took exception to the amount of $39,270 paid by the United States to reimburse Cramp. The GAO asserted that there had been an overcharge of $6697.17 because Duffy had paid and had been reimbursed for truck rentals in excess of Maximum Price Regulations to this extent. Because of the GAO's exception the United States withheld from Cramp $6697.17, deducting this amount from a sum due Cramp under the prime contract.

Cramp filed the present action, No. 7601 in the court below, seeking to recover $6697.17 from the United States alone, under the Tucker Act, asserting that there had been no overcharge and that Cramp was entitled to full payment under the prime contract.[1]

Before the trial of the instant suit the United States moved to join Duffy as a third party defendant. Rule 14(a), Fed. Rules Civ.Prac. 28 U.S.C. The United States contended that if any sum was owing to Cramp it was due from Duffy and not from the United States. The court granted the motion and accordingly Duffy was brought upon the record as a third party defendant. At the trial Duffy contended that there had been no violation of

---

1. Cramp also filed another suit against Duffy in the same court, No. 7602; claiming triple damages under relevant regulations and in accordance with 205(e) of the Emergency Price Control Act, 56 Stat. 33, 50 U.S.C.A.Appendix, § 925(e). Duffy moved to dismiss this latter complaint contending that it had not been filed within one year after the last alleged excess payment. By agreement of counsel argument on this motion has been held in abeyance until the determination of the suit at bar, No. 7601.

maximum price regulations and that consequently the payment made to it by Cramp had legal justification.

After the trial and before decision Cramp filed a motion for leave to amend its complaint in order to add Duffy to the record as an additional defendant. Counsel for all the parties stipulated that the amendment should be permitted subject to the approval of the court. The court entered an approving order and Duffy was added as an additional defendant. Thereafter, on April 13, 1951, the court below filed an opinion, 11 F.R.D. 556, in which it concluded that Cramp was not entitled to add Duffy as an additional defendant because jurisdiction of the suit was sought to be maintained under the Tucker Act and the Tucker Act did not permit the United States to be sued with an additional defendant. The court cited United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 and Lynn v. United States, 5 Cir., 110 F.2d 586. The court below, however, as we have stated, entered an order striking the third party complaint but failed to enter an order striking out Duffy as an additional defendant. Remand was therefore necessary.

The first final decision of the court below was that an overcharge had resulted to the United States because the trucks had been paid for at a price in excess of the maximum prices prescribed by the regulations but only to the extent of $2,516.48; that consequently the prime contract has been breached by the United States to the extent of $4,180.69 and that Cramp was entitled to recover this amount from the United States. Judgment was entered accordingly. The United States appealed but the appeal was dismissed, on the agreement of the parties, pursuant to our rule 29 (8).[2, 3]

Second, the court has held that the United States had neither stated nor proved a cause of action against Duffy as third party defendant and consequently Duffy was entitled to judgment in its favor on the third party complaint. Judgment was entered accordingly. Cramp petitioned the court to strike this judgment. The petition was denied and Cramp has appealed from the order of denial at our No. 10,498.

Finally, the court has concluded that the complaint could not be amended so that Cramp could join a private party, viz., Duffy, as an additional defendant in a suit against the United States under the Tucker Act. The court entered an order striking out the amendment to the complaint and striking out Duffy as an additional defendant. Cramp has appealed from this order at our No. 10,662.

Disposition of the appeals will be simplified if we deal first with that at No. 10,498. As we have said Cramp appealed from the order denying its petition to strike off a judgment entered in favor of Duffy and against the United States on the latter's third party complaint. The United States has moved to dismiss Cramp's appeal from this order.[4] The United States contends that Cramp has and can have no cognizable legal interest in the judgment on which the appeal at No. 10,498 is based. Cramp has not disputed the validity of this assertion. In fact it has contended consistently that Duffy must be made an *additional* defendant and that Duffy or the United States was liable for the amount withheld. In addition Cramp had moved to dismiss the United States as a party to the appeal asserting that while the United States may be heard *amicus curiae* it cannot have the standing of a party to the appeal and be heard as such on the question as to whether it may be sued with Duffy as an additional defendant. Cramp took the position that either the United States or Duffy, or both of them, must be held liable to Cramp to the extent of the

2. Our rule provides that on the agreement of all parties in writing an appeal may be dismissed by the Clerk of Court.

3. In its brief in this court the United States says that it " * * * filed a third party complaint against Duffy on the clearly erroneous theory that Duffy was liable over to the United States." See also Rule 14(a), F. R. C. P., as amended in 1946. The suit at bar was commenced in 1947.

4. This motion is contained in a letter to our Clerk dated February 8, 1952.

reimbursement made by it to Duffy. Cramp's motion to dismiss the United States as a party to the appeal demonstrates that Cramp does not deem itself interested in the outcome of the third party action filed by the United States at No. 10,498.

It is clear that Cramp has no cognizable legal interest in the judgment against the United States on the third party complaint and that the motion of the United States to dismiss Cramp's appeal from the order denying Cramp's petition to strike off the judgment entered in favor of Duffy and against the United States on the third party complaint must be granted. See Richmond v. Town of Largo, 5 Cir., 127 F.2d 264. This disposes of the appeal at No. 10,498.

The appeal at No. 10,662 presents more difficult questions. At the moment the amendment was allowed by the court below on May 2, 1949, prior to any final decision, Cramp had stated two causes of action; one, based on the Tucker Act, against the United States for damages for breach of contract in the amount of $6697.17, then unliquidated; the other, based on diversity of citizenship and jurisdictional amount against Duffy for unjust enrichment or "quasi-contract" in like amount, also unliquidated.[5] The two actions were separate and distinct though on their face and superficially they may seem to be interdependent. It might be said that Cramp could recover from Duffy only the amount it could not recover from the United States. This may be true but the causes of action Cramp has asserted against the United States and Duffy are in no wise interdependent. The United States and Duffy have no cognizable legal interest vis-a-vis each other. The court below could have

granted a severance of Cramp's causes of action under Rule 21, F.R.C.P., if it had seen fit to do so, proceeding first with the suit against the United States, as it has done, and proceeding next with the suit against Duffy, as it has not done because it has considered itself without the power to do so in the light of the Sherwood decision. Conversely, in the instant case, the amendment having been authorized by the court, the court sua sponte could later have struck out one or the other of the causes of action as misjoined, if it had seen fit to do so, under Rule 10(b), F.R.C.P., or could have separated the causes of action for trial, as provided by Rule 42(b), F.R. C.P. We should point out that no severance is presently necessary for the events or incidents of the suit have effected a severance in fact and the court below has proceeded to adjudicate Cramp's claim against the United States. The United States, if still a party, is a ghost or phantom. An automatic severance has been effected by the course of the litigation. Nor would it be apt now to strike the complaint as having misjoined causes of action for again, under the course which the litigation has pursued, the only cause of action remaining is that asserted by Cramp against Duffy. While, as pointed out in note 5, supra, the pleading is not formed so as to set out artistically a cause of action based on diversity, here the form of pleading is of comparative unimportance or at least not of direct effect as in Canister Co. v. Leahy, 3 Cir., 191 F.2d 255. Diversity jurisdiction having attached in the first instance, prior to the court's decision, jurisdiction should be deemed to have been retained for the purposes of Cramp's cause of action against Duffy. Cf. St. Paul Mercury Indemnity

5. In its complaint, even with the amendment, Cramp does not expressly base jurisdiction of its cause of action against Duffy on diversity of citizenship and jurisdictional amount. It will be recalled that the amendment (first permitted and then stricken out) by the court below made Duffy a party defendant on the original allegations of the complaint, the amendment really effecting only a change in the title of the cause and supplying no new allegations to the body of the complaint. But the complaint avers that Cramp was a Pennsylvania corporation, Duffy, a New York corporation, and the amount sued for was in excess of $3,000. It would indeed have been more artistic to have based diversity jurisdiction on more specific allegations but under the circumstances the existing language is sufficient. Cramp vigorously supports the theory of jurisdiction based on diversity in its brief.

Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845.

Here the court has the power to adjudicate the cause of action asserted by Cramp against Duffy. The Sherwood decision does not prohibit the exercise of that power or prevent adjudication of the cause of action referred to as the court below concluded. In Sherwood the law of New York made the judgment debtor a necessary party and authorized him to appear as a party in any suit brought and to attack the validity of the State court order and the judgment on which it was founded. The Supreme Court held that the *concurrent* jurisdiction of a district court under the Tucker Act[6] did not extend to any suit which could not be litigated in the Court of Claims. See 312 U. S. at pages 588–590, 61 S.Ct. at pages 770, 771. In Sherwood it was stated that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the * * * [Court of Claims] * * * or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed." The Supreme Court went on to say: "We think it plain that the present suit could not have been maintained in the Court of Claims because that court is without jurisdiction of any suit brought against private parties and because adjudication of the right or capacity of respondent to proceed with the suit upon the contract of the judgment debtor with the United States is prerequisite to any recovery upon the Government contract."

We think that the Sherwood decision aids Cramp's present position. The court below was at liberty to *ignore* the suit against Duffy, it being a party other than the United States and to proceed to adjudicate the suit of Cramp against the United States as it has done. Here we are not confronted with the question of whether jurisdiction of Cramp's claim against Duffy may be supported under the Tucker Act for jurisdiction of that claim is conferred by diversity. Cf. the language used in Sherwood, "But the question remains whether such a suit is nevertheless within the jurisdiction conferred by the Tucker Act on the district courts." Id. 312 U.S. at page 589, 61 S.Ct. at page 771.

Duffy was in no way a necessary or even a proper party to Cramp's suit against the United States. There, therefore, was no abolition of the court's power to adjudicate the controversy between Cramp and Duffy. Had the suit arisen in the Court of Claims that court would have proceeded to ignore Cramp's claim against Duffy and have proceeded to adjudicate Cramp's claim against the United States. See Sherwood, supra, and William Leather & Lehigh v. United States, 61 Ct.Cl. 388. But, as we have shown, jurisdiction of the cause of action asserted by Cramp against Duffy is not based on the Tucker Act but upon diversity and the jurisdiction of the District Court in that cause of action is in no way *concurrent* with that of the Court of Claims. Why should not the District Court now proceed to adjudicate the suit of Cramp against Duffy with a probable concomitant saving of judicial manpower? We can perceive no valid reason. In the instant case there was but one cause of action against the United States and that cause of action has come to an end in a judgment no longer subject to appeal. We do not say that the court below must on re-

6. The Tucker Act is now incorporated in the Judicial Code which became effective September 1, 1948. It appears at Section 1346(a). The part here relevant reads as follows, 62 Stat. 933, 28 U.S.C. § 1346 (1950):
  "§ 1346. United States as defendant
  "(a) The district court shall have original jurisdiction, concurrent with the Court of Claims, of:
  *  *  *  *  *  *  *
  "(2) Any * * * civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."
  Section 1346 reenacts without any change material the original Tucker Act, to be found at 24 Stat. 505, as amended, 28 U.S.C. § 41(20) (1928 ed.).

mand permit the amendment which it first allowed and then struck out but we are of the opinion that the court below has the power to permit the amendment to bring in Duffy as a defendant if, in the exercise of sound judicial discretion it deems such a course to be desirable.

Duffy contends that no cause of action can be asserted by Cramp against it except under Section 205(e), Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 925(e), but this question has not been adjudicated by the court below and we are of opinion that we should not make the initial determination. We therefore do not pass on it.

As we have stated, the judgment of the court below in favor of Cramp and against the United States was appealed from by the United States but that appeal has been dismissed pursuant to our Rule 29(8). No action in respect thereto is necessary. The order denying the petition to strike the judgment in favor of Duffy on the third party complaint will be affirmed. Cramp's appeal from this order will be dismissed for, as we have said, Cramp has no cognizable legal interest in respect to that judgment. The order striking Cramp's amendment and Duffy as an additional party from the record will be vacated. Cramp's motion to dismiss the United States as a party to the appeal relative to the question whether the United States may be sued with Duffy as an additional defendant will be dismissed for the question raised has become moot since we have held that the suit against the United States is at an end.