**HARRIMAN RIPLEY & CO., Inc.**

v.

**UNITED STATES et al.**

No. 11106.

United States Court of Appeals Third Circuit.

Argued Jan. 8, 1954.

Decided Feb. 11, 1954.

**164**

John Edward Sheridan, Philadelphia, Pa., for appellant.

Lewis H. VanDusen, Jr., Philadelphia, Pa. (Frederick R. Drayton, Jr., Thomas Reath, Drinker, Biddle & Reath, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY, and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

On an earlier appeal, *sub nom.* Cramp Shipbuilding Co. v. United States, 3 Cir., 195 F.2d 848, we remanded this cause to the District Court to permit an adjudication of a claim of Cramp, now merged with Harriman Ripley & Co., against Duffy Construction Company which had been made an additional defendant in this litigation on Cramp's motion after the United States had brought Duffy into the case as a third party defendant. This remand resulted in the entry of a money judgment in favor of Harriman, as successor to Cramp, against Duffy. The principal questions on this appeal are whether the procedure in the District Court after remand was consistent with law and with our mandate and, particularly, whether Duffy was improperly denied trial by jury.

This litigation has followed an eccentric course. Cramp instituted it as a Tucker Act suit against the United States for failure to pay a balance of some $6600 allegedly due from the government under a completed prime contract for the construction of certain shipbuilding facilities. The government's excuse for this withholding was that Duffy, a subcontractor, was believed to have collected from Cramp excessive charges, which Cramp had passed on to the United States. Therefore, the United States broadened the proceeding by filing a third party complaint against Duffy in which these overcharges were set up as an alleged basis of recovery over against Duffy, if Cramp should be entitled to anything from the United States.

Thereafter, the three parties stipulated many of the facts and tried the remaining issues to the court, it apparently being assumed by all that the litigation was in order for a full adjudication of a three way controversy. The principal matters developed at this trial were the circumstances under which Duffy made the now challenged charges and whether these charges, which represented payments by Duffy to others for truck rentals, were in excess of ceiling prices under war-time price controls. Duffy presented witnesses and cross-examined hostile witnesses in an effort to establish its view of all relevant circumstances connected with the alleged overcharges. The matter was fully tried.

What followed seems to us very clearly to reveal the understanding of the parties as to the scope of the litigation.

After trial, but before the court made findings or any decision, counsel for Cramp wrote counsel for Duffy saying:

> "On reviewing my files in this case, I note that I never filed a formal Motion to amend the Complaint to include Duffy Construction Corporation as an additional defendant, after the United States of America brought Duffy Construction Corporation in with its third party action.
>
> "I am now filing this Motion and am herewith enclosing copy for your files. I am also enclosing a Stipulation approving of the Motion, which I would appreciate if you would sign * * *."

Counsel for Duffy signed the stipulation and thereafter the motion to amend the complaint was filed as a consent matter. The court disposed of this submission by noting approval on the face of the stipulation which recited that the parties had agreed that Duffy be an additional defendant. We interpret this as a shorthand way of reshaping the pleadings by mutual consent to permit a comprehensive adjudication of all of the claims of the three parties among themselves on the issues and facts which actually had been tried to the court. Cf. Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.

With the case in this posture the court made findings of fact, including findings as to the amount and circumstances of Duffy's disputed charges. The court concluded that $2516.48 which Duffy claimed and collected from Cramp as costs legitimately incurred under the subcontract, and Cramp in turn collected from the United States, actually represented illegal payments made by Duffy to other persons in violation of war-time price restrictions. The United States was found to be justified in recovering this sum from Cramp by withholding so much of the balance otherwise due under the prime contract. However, the court refused to adjudicate the claim of Cramp against Duffy to recover for this over-charge, but rather, on its own motion, struck Duffy from the record in the capacity of additional defendant, reasoning that this enlargement of the litigation had been improvident because beyond a court's power in a Tucker Act suit.

This court reversed that ruling on the earlier appeal reported in 195 F.2d 848. We decided that quite apart from the Tucker Act, the District Court had power to entertain and adjudicate the claim of Cramp against Duffy as a matter within diversity jurisdiction by reason of the amount claimed and the proved citizenship of the parties. We also said that as the matter appeared before us we could see no reason why the District Court should not "now proceed to adjudicate the suit of Cramp against Duffy with a probable concomitant saving of judicial manpower." We then vacated the dispositive order of the District Court and remanded the cause for further proceedings saying that "The court below has the power to permit the amendment to bring in Duffy as a defendant if in the exercise of sound judicial discretion it deems such a course to be desirable."

After the case was remanded to the District Court, Cramp moved to reinstate Duffy as an additional defendant and for judgment against Duffy in the amount of $2516.48 on the record as it would stand with Duffy reinstated as a defendant. Duffy countered with a motion for leave to withdraw the stipulation wherein it originally consented to the addition of Duffy as a defendant, stating as justification for this request that it had intended to agree to defend a Tucker Act proceeding and not a diversity proceeding. The court denied the motion to withdraw the stipulation, reinstated Duffy as a defendant to Cramp's claim and entered judgment for Cramp against Duffy for $2516.48.

Thereafter the court considered a motion of Duffy to "strike the judgment". So far as we can determine from the

record it was on argument of this motion, though not in the text of the motion, that Duffy first raised the point that it was entitled to have a jury trial of its controversy with Cramp. In denying this motion to strike the judgment, the court said that Duffy "was willing to try the case at the outset without a jury, and the entire matter was fully and freely considered at the trial, all procedural steps being agreed to by the defendant. * * * Having committed itself to this course freely and willingly * * * it would be a waste of time and effort now to permit the defendant to change his mind and have the issue tried *de novo* by a jury." Unreported opinion of Ganey, J., dated May 22, 1953.

■ We think the quoted language expresses a reasonable and proper conclusion. By stipulating that it be joined as an additional defendant, Duffy manifested its willingness to have the amount, circumstances and legal consequences of the alleged overcharge adjudicated between itself and Cramp in a proceeding tried to the court without a jury. No judgment was entered on this claim of Cramp against Duffy only because after trial the court, properly inquiring on its own motion into jurisdiction despite the consent of the parties to a comprehensive adjudication, decided it could not enter such a judgment in a Tucker Act proceeding. Reviewing the matter this court concluded that in the peculiar circumstances here, diversity jurisdiction made it permissible for the District Court to adjudicate the Cramp-Duffy controversy in this litigation. When the matter went back to the District Court and Cramp moved for judgment on the record already made, Duffy even then did not file any demand for jury trial or for any other new procedure in this law suit. It merely moved to withdraw its consent to any adjudication of the issue between it and Cramp in this litigation. But this court had already decided that such adjudication would be proper in this litigation. Thus, no sub-stantial contention was advanced to support the request for the withdrawal of the stipulation. In this connection it is also noteworthy that at no time, even in this court, do we understand Duffy to have argued that any of the findings originally made by the District Court were contrary to the weight of the evidence, or even to point out any material respect in which the facts might reasonably have been found the other way.

In all the circumstances we think the District Court did not abuse its discretion in refusing to relieve Duffy of the consequences of its consent to the original procedure, nor was the court obligated to vacate its judgment and order a hearing *de novo* to permit a jury trial when there had been no timely demand for such procedure and there was no contention that the findings already made by the court were questionable.

■■ Finally, Duffy argues that not enough appears in the findings and record to establish a duty of Duffy to make restitution to Cramp of the amounts in excess of ceiling prices paid by Cramp in what the court had found to be reasonable reliance on Duffy's representation that these were proper charges. We are satisfied that the proof and findings in the record are ample to support the judgment. As our earlier opinion indicated, the cause sounded in quasi-contract and was predicated upon equitable principles of restitution. In this connection the District Court properly held that the cause of action to enforce this obligation had not been superseded by the special statutory remedy under Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.1946 ed., § 925(e). Cf. Socony Vacuum Oil Co. v. Allied Oil Co., 7 Cir., 1949, 178 F.2d 239.

The whole case considered, we find no error of law and no departure from the mandate of this court in the procedure by which the District Court reached its decision or in the judgment it rendered.

The judgment will be affirmed.