**Hilario SIERRA, Plaintiff, Appellant,**

v.

**MERCHANTS MUTUAL CASUALTY COMPANY, Intervenor, Appellee.**

No. 5404.

United States Court of Appeals
First Circuit.

Heard Dec. 3, 1958.

Decided Dec. 31, 1958.

———◇———

Donald R. Bryant, Dover, N. H., with whom Burns, Calderwood, Bryant & Hinchey, Dover, N. H., was on the brief, for appellant.

L. Wilder Quint, Concord, N. H., with whom George P. Cofran, Concord, N. H., was on the brief, for appellee.

Before MAGRUDER, Chief Judge, HARTIGAN, Circuit Judge, and SWEENEY, District Judge.

PER CURIAM.

This action was commenced in the United States District Court for the District of New Hampshire by the filing of a torts complaint for injuries received in an automobile accident by Hilario Sierra, a citizen of Vermont, against Bernard F. Romprey, a citizen of New Hampshire. The Merchants Mutual Casualty Company, which had issued an insurance policy purporting to cover a certain Oldsmobile automobile, was allowed to intervene as a defendant; and, as such intervenor, it filed a petition for a declaratory judgment in which it sought a decree of noncoverage.

Before proceeding to a hearing on the merits of the original complaint, the district court held a hearing on the intervenor's petition for declaratory judgment. Pursuant to its findings of fact and rulings of law, a judgment by the district court was entered on May 7, 1958, declaring that Merchants Mutual Casualty Company was not obligated to defend the driver of the automobile nor pay any judgment rendered against him, because the policy of insurance did not cover the particular car involved in the accident. The original plaintiff filed his notice of appeal from this judgment of May 7, declaring noncoverage.

It seems obvious enough that the judgment now on appeal neither disposes of all the claims in the case below nor is an interlocutory decision rendered appealable by 28 U.S.C. § 1292. Nor is it a "collateral" final decision separable from the other claims in the action within the meaning of Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, or Koster & Wythe v. Massey, 9 Cir., 262 F.2d 60. On the contrary, this case may well illustrate the desirability of the general policy against permitting piecemeal appeals, for if judgment should go against the plaintiff in the original complaint (as might well be the case because of the host-guest relationship between the tort defendant and tort plaintiff), it would become entirely academic whether the driver of the car in question was protected by liability insurance. No answer to the intervenor's petition for declaratory judgment was filed either on behalf of the driver of the car or on behalf of the insured car owner, and neither of these parties has undertaken to file a notice of appeal. There may be a serious question whether there is any present

case or controversy in a constitutional or statutory sense between the sole appellant and the insurance company. See Indemnity Ins. Co. of North America v. Kellas, 1 Cir., 1949, 173 F.2d 120, 124.

However that may be, and whether the district judge, had he been requested to do so, would have made "an express determination that there is no just reason for delay" and would have given "an express direction for the entry of judgment" as required by Rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., the fact of the matter is that the district judge in the case at bar has made no such determination nor given such express direction for the entry of judgment. We therefore have no jurisdiction of the pending attempted appeal, and we shall not, at this late date, grant leave to appellant to apply to the district judge for the entry of the missing determinations under Rule 54(b). Cf. Roemer v. Simon, 1875, 91 U.S. 149, 23 L.Ed. 267.

A judgment will be entered dismissing the appeal for lack of jurisdiction.