Samuel FINK, Petitioner,

v.

Honorable Michael L. IGOE, Judge of the United States District Court for the Northern District of Illinois, Eastern Division, Respondent.

No. 12953.

United States Court of Appeals
Seventh Circuit.

June 13, 1960.

Rehearing Denied July 28, 1960.

James R. McKnight, Chicago, Ill., Henry L. Burkitt, New York City, for petitioner.

Wilfred S. Stone, Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and DUFFY and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Samuel (or Sam) Fink, by his petition herein, seeks a writ of mandamus commanding Honorable Michael L. Igoe, Judge of the United States District Court for the Northern District of Illinois, Eastern Division, to (1) vacate an order entered by him on January 14, 1960, to the extent that it denied petitioner's motion to quash service of process upon him in Civil Action No. 59 C 1341, entitled "Flora M. Mattingly, plaintiff, v. Marshall Field & Company, J. Grant Miller and J. Grant Miller, Jr., d/b/a J. Grant Miller Sales Co., and Sam Fink, defendants", and (2) to dismiss the complaint therein as against petitioner, for lack of jurisdiction over him. Petitioner also prays that the district court be ordered (a) to transfer the action, insofar as it relates to petitioner, to the United States District Court for the Southern District of New York and (b) to stay further proceedings in connection with the action against defendants other than petitioner until a final determination is had in the part of the action transferred as aforesaid.

Various affidavits and depositions were considered by respondent.

Respondent has filed an answer to a rule to show cause herein, in which he asks that the petition be dismissed. Attached to it are various exhibits, including an order which he entered on January 14, 1960 in said cause, reading, in part:

"* * * The motion of Sam Fink to quash services of process for want of jurisdiction over the person and to transfer this cause to the District Court for the Southern District of New York is hereby ordered denied."

The complaint filed in Civil Action 59 C 1341 charges patent infringement and unfair competition.

28 U.S.C.A. § 1400(b) provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

Plaintiff's complaint alleges that Sam Fink has a regularly established office and place of business at 389 Fifth Avenue, New York City, and, on information and belief, is a citizen and resident of the state of New York. It also charges that "said Defendant has caused such infringing articles to be packaged and sold, in this jurisdiction [the Northern District of Illinois, Eastern Division]".

The other defendants named in said complaint are Marshall Field & Company, as well as J. Grant Miller and J. Grant Miller, Jr., doing business as J. Grant Miller Sales Co.

From the record before us, aside from the complaint itself, the following controlling facts appear without contradiction: Fink has been since 1930 and is now a resident of New York City, devoting most of his time to selling the products of Sam Fink, Inc., a New York corporation, the stock of which is owned equally by him and Philip J. Cardillo, Jr.

The corporation has its own place of business in New York City, within the Southern District of New York, and its manufacturing plant in Long Island City in the state of New York, within the Eastern District of New York. Fink does the greatest part of the selling work of the corporation directly from New York by long distance telephone. At times he makes a personal tour of the corporation customers to maintain a personal relationship. The first sale of the trademark "Boudoir Plya" involved in this case was made by him by telephone calls. The first sale to Marshall Field & Company, defendant herein, was made by Fink through the buying office of that defendant in New York City.

Before the complaint above referred to was filed, Sam Fink, Inc. received a letter from J. Grant Miller Sales Co., defendant herein, requesting permission to sell "Boudoir Plya" as ordinary salesmen. They had good references. The Millers were authorized to sell, but orders obtained were not to take effect until they had been received at the New York office, checked for credit and approved. The Millers had nothing to do with sales to Marshall Field & Company, who were sold directly by Samuel Fink for many years. The quantity of orders received through the Millers has been almost insignificant.

Neither Samuel Fink nor the corporation had a place of business in the state of Illinois, nor a telephone listing in Chicago or elsewhere in Illinois, never rented any office or storage space or maintained an inventory in Chicago or elsewhere in Illinois. On occasions when Fink traveled to Chicago to keep up relationships with buyers of major merchandising units, he carried a few samples, but never the Boudoir Plya because it is too heavy and other business he handled was more lucrative.

All goods sold by the corporation were shipped from the plant in Long Island City and billed by the corporation in New York City. Samuel Fink personally shipped no goods.

Neither Fink nor the corporation ever took part in any show in the state of Illinois or paid for the display of any merchandise including the Boudoir Plya at any place in Illinois. Aside from Millers' taking orders for Boudoir Plya, Fink and the corporation have no salesmen in Illinois and no one, including the Millers, may bind either Fink or the corporation to any order which has been taken by the Millers as the order must be first accepted by the main office of the corporation before it is effective.

J. Grant Miller, Sr. testified by deposition that he met Fink in Chicago and that Fink "services" stores (such as Marshall Field) in the area, selling them and handling complaints. Miller represented about twelve companies, and he had exhibits of every company at the cosmetic show including Boudoir Plya sent to him by Fink from New York. He had some order blank forms of Sam Fink, Inc. which he filled out when he made a sale. He sold on a commission basis.

In summary, the record establishes that defendant Sam Fink does not reside and does not have a regular and established place of business in the Northern District of Illinois, as contemplated by 28 U.S.C.A. § 1400(b). Therefore, there is no basis in this record for maintaining plaintiff's action in 59 C 1341 in the District Court in the Northern District of Illinois, Eastern Division. It was and is the clear duty of respondent to either dismiss the action or transfer it to the Southern District of New York. He has declined to do either. An attempt was made by petitioner to take an appeal from respondent's order, pursuant to 28 U.S.C.A. § 1292, governing interlocutory appeals. Respondent refused to make the statement in writing contemplated by said statutory provision, and the effort to appeal failed. Thus a situation has developed which overcomes our usual reluctance to force action in the district court by means of an extraordinary writ. Accordingly, the clerk will issue a writ of mandamus directed to respondent, commanding him to forthwith enter an order either dismissing Civil Action 59 C 1341 as to Sam Fink, defendant, or, if the defendants other than Fink consent, transferring said case to the United States District Court in and for the Southern District of New York.

Writ to issue.