FMC CORPORATION,
Plaintiff-Respondent,

v.

GLOUSTER ENGINEERING CO., et al., Defendants,

and

M. Lehmacher & Sohn GmbH Maschinen-fabrik (Lemo), Reifenhauser GmbH & Co. Maschinenfabrik, and Stiegler GmbH Maschinenfabrik, Defendants-Petitioners.

Nos. 87-8037, 87-8038.

United States Court of Appeals,
Seventh Circuit.

Submitted July 1, 1987.

Decided Oct. 1, 1987.

Rehearings and Rehearings En Banc
Denied Nov. 19, 1987.

As Amended Dec. 21, 1987.

Before POSNER, EASTERBROOK, and MANION, Circuit Judges.

POSNER, Circuit Judge.

Three defendants in a suit pending in the federal district court in Massachusetts have asked us (in two applications) for permission under 28 U.S.C. § 1292(b) to appeal from the district court's order refusing to dismiss the complaint as to them. The request raises a question of first impression: whether, when the panel on multidistrict litigation transfers a case for consolidated pretrial proceedings (see 28 U.S.C. § 1407) and the district court to which the case is transferred makes an order and certifies it for appeal under section 1292(b), the court of appeals for the circuit in which the case was originally filed has jurisdiction to hear the appeal.

FMC Corporation filed this suit, an antitrust suit against several companies some of which are German, in the Northern District of Illinois. The German companies moved to dismiss the case against them on the ground that they did not transact business in the Northern District of Illinois. While the motion was pending, the panel on multidistrict litigation transferred FMC's lawsuit, for pretrial proceedings only, to the District of Massachusetts, there to be consolidated with the pretrial proceedings in a suit for patent infringement that FMC had brought against one of the domestic defendants in the antitrust suit. The district judge in Massachusetts denied the German defendants' motion to dismiss them from the antitrust case. He ruled that the Clayton Act's requirements for personal jurisdiction (§ 12, 15 U.S.C. § 22) are satisfied if a defendant transacts business anywhere in the United States; it needn't be in the district where the suit is brought, as the defendants had argued. The judge certified his order denying the motion to dismiss for an immediate appeal under 28 U.S.C. § 1292(b). The German defendants have asked us to accept the appeal. At our request the parties have briefed the question whether we have jurisdiction of the appeal.

Section 1292(b) provides that

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals *which would have jurisdiction of an appeal of such action* may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.... [Emphasis added.]

Section 1294 provides so far as pertinent to this case that "appeals from reviewable decisions of the district and territorial courts shall be taken to the courts of appeals as follows: (1) From a district court of the United States to the court of appeals for the circuit embracing the district...."

The order denying the German defendants' motion to dismiss the case was made by the district court in Massachusetts; so section 1294, read in isolation, would require that any appeal from that order be taken to the First Circuit rather than to us. However, the italicized words in section 1292(b) point the other way. For after pretrial proceedings are over, the antitrust case, unless terminated at the pretrial stage, will be remanded to the Northern District of Illinois, see 28 U.S.C. § 1407(a), and we will have jurisdiction over the "appeal of such [civil] action." Added in 1984 by section 412(a) of the Technical Amendments to the Federal Courts Improvement Act of 1982, Public Law 98–620, 98th Cong., 2d Sess., 98 Stat. 3362, the italicized language was intended to make clear that appeals under section 1292(b) in patent-infringement cases would go to the Federal Circuit, which has exclusive appellate jurisdiction in such cases, rather than, as section 1294 read literally would have required, to the court of appeals covering the district in which the case was pending. See H.R.Rep. No. 619, 98th Cong., 2d Sess. 4 (1984), U.S.Code Cong. & Admin.News 1984, at p. 5708.

Although the multidistrict statute does not say which court of appeals has jurisdiction over appeals from orders by the district court to which a case is transferred, most cases hold that it is the court of appeals covering the transferee court rather than the one covering the transferor court. See, e.g., *Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1344 (7th Cir. 1971) (per curiam); *Astarte Shipping v. Allied Steel & Export Service*, 767 F.2d 86 (5th Cir.1985) (per curiam); but see *Meat Price Investigators Ass'n v. Spencer Foods*, 572 F.2d 163, 164 (8th Cir.1978). Cf. *In re Corrugated Container Antitrust Litigation*, 662 F.2d 875, 879–81 (D.C. Cir. 1981). Indirect support for this conclusion comes from the statute's provision on venue for review by extraordinary writ of post-transfer orders issued by the multidistrict panel. See 28 U.S.C. § 1407(e). However, none of the cases except *LeMay* involves section 1292(b), which since the 1984 amendment has contained language suggesting a different conclusion for appeals under that section; and *LeMay* was decided long before the amendment. The amendment is not dispositive. Although written in general terms, it was responding to a specific and distinguishable problem—the anomaly of a system where the Federal Circuit would exercise exclusive jurisdiction over all appeals in patent-infringement suits except appeals under section 1292(b). Nevertheless, Congress's choice of general language may authorize us to deal with a lesser anomaly.

Confining appellate jurisdiction to the court of appeals for the region where the transferee court is located makes a great deal of sense in every situation we can think of—except possibly an appeal under section 1292(b). The court of appeals for that region is more convenient to the parties and knows the district judges. And many of the issues that arise in pretrial proceedings (and it is only for the pretrial stage of litigation that a transfer under section 1407, that is, an involuntary transfer, is allowed) will involve the practices and procedures of the local district court. Moreover, since most litigation never gets beyond the pretrial stage and most pretrial

orders are not appealable, there is relatively little likelihood that appellate jurisdiction will be divided between two circuits if the court of appeals for the transferee circuit has jurisdiction over appeals taken while the case is in the transferee district court. There is some likelihood, admittedly. The court of appeals for the transferee district might reverse a judgment of dismissal (which the transferee court can enter, see last sentence of section 1407(a)) and order the case tried; and any appeal from the judgment entered after trial would be heard by the court of appeals for the transferor court, assuming that the case had been (but, as we shall see, it might not have been) returned to that court for trial.

The situation when appeal is taken under section 1292(b) is rather special. The usual case in which permission to appeal under that statute is requested and likely to be granted is where an immediate appeal may head off a trial. The discretionary judgment that the court of appeals must make is whether to hear the appeal or let the trial go forward and decide the issue later, on appeal (if any is taken) from the final judgment. The court that will have jurisdiction over any appeal from a judgment entered after trial is in a better position to make a responsible choice between appeal now and appeal later than a court that will not hear an appeal later because if the case is tried it will lose appellate jurisdiction. And since appeals under 1292(b) are permitted only when they present controlling questions of law—as to which appellate review is plenary—the reputation of the district judge for care and skill in resolving factual disputes and making the many discretionary determinations confided to trial judges—a reputation better known to the court of appeals for the transferee circuit than to the court of appeals for the transferor circuit—is not an important factor in deciding the appeal.

These considerations are substantial, but we consider them outweighed by others:

1. In part because most cases wash out one way or the other before trial, in part because the parties often consent to trial in the transferee court (which will have become familiar with the case during the course of the pretrial proceedings), few cases transferred under section 1407 are ever retransferred to the transferor court; a study some years ago found that fewer than 5 percent were retransferred. See Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 583 and n. 62 (1978). The Clerk of the Judicial Panel on Multidistrict Litigation tells us that the figure is higher today, but how much higher is unclear. And of those cases that are retransferred only a fraction —we suspect a small one, but have no figures—generate appeals in the transferor circuit. The argument that the court with ultimate appellate jurisdiction should decide whether to accept an interlocutory appeal thus appears to have little practical significance in the setting of section 1407.

2. If the transferee court enters an order that affects more than one of the consolidated cases, and the cases affected had been transferred from different circuits, it is unclear which transferor circuit would have jurisdiction of an appeal from the order.

3. The previous point illustrates, what is anyway plain, that a rule which gives the transferee circuit exclusive appellate jurisdiction over all orders issued by the transferee district court is simple to administer and free from uncertainty, and these are important advantages in a rule governing jurisdiction. The statutory exception for 1292(b) orders in patent cases is necessary to carry out Congress's wish to have all appeals in cases arising under the patent laws decided by a putatively expert body, the Court of Appeals for the Federal Circuit, and need not be interpreted to confer jurisdiction of 1292(b) appeals on courts of appeals for transferor circuits generally.

We conclude that we do not have jurisdiction, and the applications for permission to appeal are therefore DISMISSED.

The applicants have asked us in the alternative to exercise our power under 28 U.S.C. § 1631 to transfer their applications to the court of appeals that does have jurisdiction. That we believe is the First Circuit. It is true that the Federal Circuit has exclusive jurisdiction of appeals in cases arising in whole or part under the patent laws, 28 U.S.C. §§ 1295(a)(1), 1338, and that the

case with which the pretrial proceedings in this suit have been consolidated in the District of Massachusetts is a patent case. However, the German defendants' motion to dismiss pertains only to the antitrust case, and not to the patent case, to which they are not even parties. The cases were consolidated for pretrial proceedings only; and if the antitrust case were to be tried separately, no appeal would lie to the Federal Circuit. Recall that the amendment to section 1292(b) made in 1984 was intended to give the Federal Circuit jurisdiction over appeals under section 1292(b) whenever it had ultimate jurisdiction over the action. It does not have ultimate jurisdiction over the antitrust case; the consolidation of the pretrial proceedings in that case with the pretrial proceedings in a patent case is adventitious.

It is possible that consolidation for pretrial purposes might be thought consolidation for purposes of appellate jurisdiction over orders made during pretrial proceedings. See *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707 (7th Cir.1987); *Huene v. United States*, 743 F.2d 703 (9th Cir.1984). The First Circuit's view on this issue, as it happens, is to the contrary, *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439 (1st Cir.1972); the Federal Circuit's view is unknown. We do not want these applications for appeal to wander around the circuits like the Ancient Mariner. As we know that the First Circuit will assume jurisdiction of the applications (whether it will grant them is a separate question on which we express no view), transferring them to that circuit will assure that they have a home.

The applications for permission to appeal under section 1292(b) are ordered TRANSFERRED to the First Circuit.