**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: FOOD LION, INCORPORATED,
FAIR LABOR STANDARDS ACT
"EFFECTIVE SCHEDULING" LITIGATION.

JEFFREY L. ROYSTER; DANIEL BAKER;
CLARENCE L. ALSTON; CHARLES V.
STRICKLAND, JR.; RON MURCHISON;
LARRY BRITT; CARL WILLIAMS;
TRUMAN SURLES; TIM LAYDEN; KIM
PIPPA; JEFFREY BARNES; GLENN
JOHNSON; STEVE TWIDDY; LARRY
RILEY; WAYNE NEIL HAND, JR.;
MICHAEL ALPHIN; HARVEY KEITH

MATTHEWS; TERRY N. CONNER; JAMES                     No. 94-2360
E. DANIELS; BILLY MADDOX; RUSSELL
THOMAS; JONATHAN ANDERSON;
WOODROW BREEDEN; AARON NORRIS;
JAMES GRUBER; REGINALD ASHFORD;
CLINTON E. BLOYER, III; RICKY
COLTREN; BILLY RAY COLLINS;
WILLIAM DALE FITZGERALD; ROBIN
DALE STEWART; STEPHEN A.
WILLIAMS; REGINALD GILL; LESTER
BRITT,
Appellants,

and

TERRY W. MCLAWHON, on behalf of
himself and all others similarly
situated; KEITH LAMONT PERRY, on
behalf of himself and all others
similarly situated; RONALD GRANNIS;
BOSTON D. MCCORNELL; RANDY E.
JONES; TIMOTHY E. PEELE; ANDY
CZUBAI; CHRISTOPHER AYDEN SURLES;
KELLY E. QUINN; JAMES L. ROYAL;
FRANCIS D. CARPENTER; GREGORY
TODD RING; LESTER JEROME
MITCHELL; RODNEY M. RAMSEY;
WILLIAM RICHARD HAMM; BILLY M.
PARSON; WOODROW CARROLL, JR.;
BOBBY GLYMPH; KEVIN CARR; BRAD
CLARK; BILLY WILLIAMS,
Plaintiffs,

v.

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-91-133-4-F, MISC-92-198-5-F)

2

In Re: FOOD LION, INCORPORATED,
FAIR LABOR STANDARDS ACT
"EFFECTIVE SCHEDULING" LITIGATION.

DONALD T. LEDFORD; J. MICHAEL
OAKES; MICHAEL CARDOZA; R.
CHUCK VILLARREAL, JR.; ROY
SARTER; LARRY WORLEY; TOMMY
ARRINGTON; BILLY BAKER; CHERYL
BORN; DANNY BUCKNER; ROBERT
CALLOWAY; DONNA CATLIN; KIM
CAUDILL; JOSEPH COCKERHAM;

MICHAEL COFFEY; FELECIA COLEMAN;
ROBERT DALY; JAMES DARROW;
CHRISTOPHER DUNHAM; RHONDA
DUPREE; ROBERT DYER; FRANK
EASON; RHONDA ENGLAND; PAUL ERB;
RICHARD FAWLKES; CHRIS FRENCH;
RICHARD P. HENSLEY; ROGER ALLEN
HILL; RICKEY HINSON; TERRY
HORTON; PATRICIA HOYLE;
CHRISTOPHER JOLLY; ALECIA JONES;
WILLIAM JOYCE; WELDON JUNGE;
MONTY LEE; PAUL LUCAS; SCOTT
MATTOX; KEVIN O'BRIANT;

No. 94-2645

3

GARY O'NEAL; KIM PAIVA; VICTOR
PRONIER; RUSSELL RAMSEY; JOE
REED; ELVA JEAN RILEY; SAMUEL
SHERRIN; MARLIN SHUFORD; RONALD
STURGILL; JOSEPH SULTON; RICK
TRAVIS; LESLIE TUCKER; DEREK
WHITE; WARREN WHITE; TERRY
WHITMIRE; GARY WOODS; BURNELL
G. WRIGHT,
Plaintiffs-Appellants,

v.

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville,
after remand from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge, sitting by assignment
of the Judicial Panel on Multidistrict Litigation.
(CA-91-184, CA-92-185-5-F, MISC-92-198-5-F)

4

In Re: FOOD LION, INCORPORATED,
FAIR LABOR STANDARDS ACT
"EFFECTIVE SCHEDULING" LITIGATION.

C. MARSHALL HOLLAND, JR.;
CHARLES LEE SMITH; WALTER
CRAWFORD THOMAS, JR.; WILLIAM
BRIAN BAREFOOT; TONYA Y. BROWN;
ROSA BOND; EARNEST A. BRYANT;

WAYNE JAY COCHRAN; WILLIAM A.
COOKE; JEFFREY J. GOERMAN; KEITH
HARRIS; CHARLES S. KNOWLES; FAYE
LEE; JOHN M. LYNCH; VERNON W.
MENIFEE; BRUCE E. POPE; BOBBY A.
ROBERTSON; WARREN D. ROMAN;
KEITH W. TINGEN; HASKELL TURNER,
Plaintiffs-Appellants,

and

No. 95-1274

DARRYL ELLIS; DEBBIE GARDNER;
ERIN RICE; KENNETH W. COOPER;
ALAN E. ERETT; DANNY LEEANDER
PERSON; JOE WILLIAM BAKER; PETER
M. SLOKA, SR.; JOHNNY ANDREW
PUNCH, III: ESTER M. WOODS; FRED
MCMILLAN; ISAAC RAY PACK;
ALEXANDER J. SMITH; STEVE J.
KIRSCH; MARILYN S. WILSON; VICKI
ANN WOOD; PHILLIP LARRY OLDHAM;
TERRY A. YOUNG; RICHARD W.
MCDONALD; MICHAEL WRENN;
STEPHEN G. PARRISH; RANDALL LEE
RIGSBEE; DELORES WILSON; DIETTA
M. EDGREN; MATTHEW K. HAENSLER;
JOHN RICHARD EARP; WILLIAM P.
HASKINS; W. EDWARD CAMPBELL;
JOHN L. WALLACE; CRAIG WILSON
PRESSLEY; STAN M. GRIFFIN; MARY
PEEPLES; DAVID G. MYERS; RANDY
LAKE; KENNETH RANDALL COOPER;
WOODROW WILLIAMS, JR.; ERIN RICE
ALBRIGHT; LEISHA BAYNARD; STEPHAN
PARRISH,
Plaintiffs,

v.

FOOD LION, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro,
after remand from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge, sitting by assignment
of the Judicial Panel on Multidistrict Litigation.
(CA-92-503-2, MISC-92-198-5-F)

6

Argued: October 30, 1995

Decided: January 16, 1996

Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

_____

Remanded with instructions by published opinion. Judge Hall wrote the majority opinion, in which Judge Wilkinson joined. Senior Judge Butzner wrote a dissenting opinion.

_____

**COUNSEL**

**ARGUED:** Edward G. Connette, III, LESESNE & CONNETTE, Charlotte, North Carolina; James McDaniel Johnson, BRYAN, JONES, JOHNSON & SNOW, Dunn, North Carolina, for Appellants. William Pinkney Herbert Cary, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellee. **ON BRIEF:** James T. Williams, Jr., M. Daniel McGinn, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellee.

_____

**OPINION**

HALL, Circuit Judge:

A number of plaintiffs appeal from summary judgment orders entered in three actions that were consolidated with eight other actions for pretrial proceedings. Because there are numerous other plaintiffs who have not yet appealed but who were dismissed by the same district court on essentially the same grounds as one or more of the appellants, we believe that 28 U.S.C. § 1407, the multidistrict litigation statute, requires that the other dismissed plaintiffs have the opportunity to join in the appeals before us.

I

Beginning in 1991, several small groups of employees and former employees of Food Lion, Inc., filed civil actions in federal courts in a number of southern states in which Food Lion owns and operates grocery stores. In each of these actions, the plaintiffs asserted claims for unpaid overtime and penalties under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Hourly employees alleged that they were forced to work "off the clock" in order to finish the tasks for which they were responsible under Food Lion's company-wide scheduling system, and several assistant managers claimed that they were not exempt from FLSA's overtime provisions because the tasks they performed did not qualify as "managerial."

On June 13, 1992, the Judicial Panel on Multidistrict Litigation (JPML or Panel) issued an order transferring two of these actions, one from the District of South Carolina (Scott) and the other from the Western District of North Carolina (Ledford), to the Eastern District of North Carolina for "coordinated or consolidated pretrial proceedings"[1] with another action then pending there (McLawhon); all of the cases were assigned to Judge Fox. The Panel thereafter transferred six tag-along cases[2] over the next five months. Judge Fox eventually had eleven separate actions before him.[3]

In October 1992, court-approved notices were sent to some 60,000 current and former Food Lion employees who had worked in stores in North Carolina, South Carolina, Florida, Georgia, Virginia, or Tennessee after October 16, 1989.[4] Almost one thousand of these

_____

[1] 28 U.S.C. § 1407(a).

[2] See R. Proc. J.P.M.L. 1.

[3] In addition to two cases filed in his district, Judge Fox had before him a case from each of the other two districts in North Carolina, three from South Carolina, one from the Eastern District of Virginia, two from the Eastern District of Tennessee, and one from the Northern District of Florida. Although the Virginia case arrived in Judge Fox's court via a transfer of venue entered by the district court in Virginia pursuant to 28 U.S.C. § 1404(a), it was consolidated with the other transferred cases for pretrial matters and treated as if it were a § 1407 case.

[4] The limitations period for filing overtime claims is three years for willful violations by an employer. 29 U.S.C. § 255(a).

employees (including the named plaintiffs in the eleven separate actions) opted into the litigation by returning "consent forms," and each employee returning a consent form was assigned a "court number." A master file was created in a consolidated case denominated In re: Food Lion, Inc., Fair Labor Standards Act "Effective Scheduling" Litigation, and each "opt-in" plaintiff was assigned to one of the individual cases.

In a series of pretrial orders, Judge Fox dismissed the claims of about half of the plaintiffs on summary judgment. On March 22, 1994, a "suggestion of remand"[5] was filed by the district court and forwarded to the Panel. On June 2, 1994, the Panel remanded eight of the actions to their respective transferor courts.[6]

After remand, one of the two cases remaining in the Eastern District of North Carolina was completed, and an appeal was taken by a number of the plaintiffs whose claims had been dismissed by summary judgment during the consolidated pretrial proceedings (the Royster appeal). At about the same time, some of the plaintiffs who had met a similar fate in Judge Fox's court, but who were part of cases from one of the two other districts in North Carolina, asked for and received Fed. R. Civ. P. 54(b) certifications for immediate appeal from the respective transferor district courts. These two appeals were consolidated with the Royster appeal, and we heard oral argument on October 30, 1995. For the reasons outlined below, we decline to reach the merits of these appeals at this time.

II

One of the charter Panel members wrote the following with regard to whether transferor judges should modify orders of transferee judges:

> [I]t would be improper to permit a transferor judge to overturn orders of a transferee judge even though error in the latter might result in reversal of the final judgment of the

_____

[5] See R. Proc. J.P.M.L. 14(c)(ii).

[6] The Virginia case was retransferred by an order entered by Judge Fox.

transferor court. If transferor judges were permitted to upset rulings of transferee judges, the result would be an undermining of the purposes and usefulness of transfer under Section 1407 for coordinated or consolidated pretrial proceedings because those proceedings would then lack the finality (at the trial court level) requisite to the convenience of witnesses and parties and the efficient conduct of actions.

Weigle, S.A., <u>The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts</u>, 78 F.R.D. 575, 577 (1977). The <u>Food Lion</u> cases present us with the opportunity to foster the transfer statute's goals.

A

The multidistrict litigation statute, 28 U.S.C.§ 1407, was enacted as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different districts. The statute permits the transfer of the various cases or parts thereof to a single judge for consolidated <u>pretrial</u> proceedings. In practice, however, the vast majority of transferred cases are disposed of completely in the transferee court, either through pretrial dispositions such as summary judgment, or by trial.[7] <u>See In Re Korean Air Lines Disaster of Sept. 1, 1983</u>, 829 F.2d 1171, 1178 (D.C. Cir. 1987) (D.H. Ginsburg, J., concurring). Although Congress has not yet seen fit to allow the Panel or the transferee court to consolidate cases for trial, this is possibly a next step.[8]

Because all of the remanded Food Lion cases had claims that had not been dismissed, the dismissed parties were foreclosed by the

_____

[7] <u>See</u> Patricia D. Howard, <u>A Guide to Multidistrict Litigation</u>, 124 F.R.D. 479 (1989); Joan Steinman, <u>The Effects of Case Consolidation on the Procedural Rights of Litigants: What They Are, What They Might Be - Part II: Non-Jurisdictional Matters</u>, 42 UCLA L. Rev. 717 (1995). Under R. Proc. J.P.M.L. 14(b), a transferee court may be able to use the venue-transfer statutes, 28 U.S.C.A. §§ 1404(a) & 1406, to keep the transferred actions together for trial.

[8] See Blake M. Rhodes, Comment, <u>The Judicial Panel on Multidistrict Litigation: Time for Rethinking</u>, 140 U. Pa. L. Rev 711 (1991).

"final order rule" from appealing prior to the remand. On remand by the Panel, however, some of the dismissed plaintiffs in the two remanded North Carolina cases successfully moved for Rule 54(b) determinations in their respective transferor courts, and their appeals (Ledford and Holland) dovetailed with the appeal from the final judgment in McLawhon, one of Judge Fox's original cases. The result is the sort of piecemeal litigation that the multidistrict scheme was intended to discourage.

The three appeals before us involve precisely the same set of issues as any appeals that might be taken from the summary judgment orders in the cases remanded to the transferor courts outside North Carolina. While we have no reason to upset the remand of those claims that remain alive, we believe that permitting the transferor courts (and, possibly, the Courts of Appeal for the Sixth and Eleventh Circuits) to reconsider the transferee court's summary judgment orders will frustrate the aims of § 1407.[9] The overriding purpose of the multidistrict procedure dictates that these claims be decided in the same appellate forum.[10]

B

Because of the distinct factual predicates of each claim, Judge Fox wisely limited his role to sorting out the potential claimants and clari-

_____

[9] Food Lion filed a supplemental brief on the jurisdictional issue advising us that only the South Carolina and Florida cases remain before their respective district courts and that all others have been settled or adjudicated and will not be appealed.

[10] Review of panel orders of transfer and remand is by petition for extraordinary writ filed "in the court of appeals having jurisdiction over the transferee court." 28 U.S.C. § 1407(e). Our responsibility for the orderly and efficient administration of justice within this circuit is an adequate basis for the exercise of our power to order relief in the nature of mandamus directed to the Panel and to the district courts for both the District of South Carolina and the Eastern District of North Carolina. See General Tire & Rubber Co. v. Watkins, 373 F.2d 361, 369 (4th Cir. 1967) (en banc) (granting mandamus relief under 28 U.S.C. § 1651(a) and directing transfer of case to another district on the basis of the "maintenance of judicial economy").

11

fying each claim to some degree.**11** Each of the dismissals falls into one of about six or seven broad categories, and the appeals of the dismissal orders in each category typically involve a single dispositive issue of law.**12** Even accounting for the peculiar facts of each case, it is clearly more efficient to provide for review by one appellate court in one proceeding rather than leaving open the possibility that Judge Fox's decisions could be reconsidered by each of the transferor courts and reviewed by as many as three courts of appeal.

C

The better practice in this case would have been for the dismissed parties to have requested, and for Judge Fox to have directed, the entry of Rule 54(b) final judgments prior to filing the suggestion of remand.**13** A consolidated appeal, heard by the appellate court having jurisdiction over the transferee district court that entered the orders, is the best means of achieving the goals of efficient and uniform adjudication of numerous actions. See FMC Corp. v. Glouster Engineering Co., 830 F.2d 770, 772 (7th Cir. 1987) (explaining why the court of appeals covering the transferee court, rather than the one covering the transferor court, should hear appeals from orders of the transferee court). There is no "just reason" for delaying the dismissed plaintiffs' appeal rights until after remand to the transferor courts. Accordingly,

_____

**11** A consolidated proceeding was clearly the more efficient means of resolving who were stating claims, for what period of time, for what stores, and for what wages. For those cases that survived summary judgment, however, the transferor court is clearly the more convenient forum for deciding whether the plaintiff actually worked the overtime claimed.
**12** Most of these categories involve what have been characterized as "case management dismissals" which are subject to review for abuse of discretion. For example, one category comprises dismissals based on the plaintiffs' failure to properly or timely respond to court-propounded questionnaires.

**13** The Panel is permitted to remand only part of a transferred action and leave the remainder in the transferee court for further proceedings. See 28 U.S.C.A. § 1407(a) (1993). The Panel could have remanded only those claims that had not been dismissed by Judge Fox. In the event that we would overturn a summary judgment order for some reason, the transferee court could refile its suggestion of remand.

12

transferee courts in this circuit <u>must</u>, at some point prior to filing a suggestion of remand, enter final judgment under Rule 54(b) with regard to any decision or order of that court that fully disposes of "fewer than all the claims or the rights and liabilities of fewer than all the parties."**14**

III

In the interests of judicial economy, we will delay a decision on the pending appeals so that those plaintiffs whose claims were dismissed by Judge Fox may bring their appeals to this court. Accordingly, we order as follows:

(1) the pending appeals from the three North Carolina districts are held in abeyance;

(2) the Panel is directed to retransfer from the District of South Carolina, the Northern District of Florida, and the Eastern District of Tennessee to the Eastern District of North Carolina those claims that were dismissed by Judge Fox prior to the June 20, 1994, remand by the Panel;

(3) after retransfer in accordance with the foregoing paragraph, the district court for the Eastern District of North Carolina is directed to enter final judgment as to all such claims, pursuant to Fed. R. Civ. P.

_____

**14** The transferee court may file a suggestion of remand with regard to those claims and parties not the subject of the Rule 54(b) order(s).

In addition to Rule 54(b) certifications for final judgment "as to one or more but fewer than all of the claims or parties," another tool at the transferee court's disposal is 28 U.S.C. § 1292(b). Appeals heard pursuant to § 1292(b) orders are heard in the circuit in which the transferee court is located. <u>See FMC Corp.</u>, 830 F.2d at 772 ("[A] rule which gives the transferee circuit exclusive appellate jurisdiction over all orders issued by the transferor district court is simple to administer and free from uncertainty . . . ").

13

54(b); any appeals taken pursuant to such certifications will be heard in the Court of Appeals for the Fourth Circuit. **15**

An appropriate order will be entered

BUTZNER, Senior Circuit Judge, dissenting:

In its suggestion of remand of the cases that had been consolidated for pretrial proceedings, the district court stated:

> Due to the fact-specific nature of this litigation, these cases do not lend themselves to a consolidated disposition on the merits. It appears likely that each individual case must be disposed of in unique fashion, which is a process better left to the discretion and planning of the district judges within the districts from whence these cases originated.

The district court recognized that its pretrial rulings were interlocutory and that they were subject to revision before final judgment. See Fed. R. Civ. P. 54(b). The district court acted responsibly. Its suggestion of remand was designed to provide a fair opportunity for each party to seek a revision of the pretrial orders in light of evidence that might be disclosed in further proceedings in the transferor courts.

The Judicial Panel on Multidistrict Litigation initially issued a conditional remand order to which Food Lion objected. Subsequently, Food Lion withdrew its objection and the Judicial Panel issued its order providing that the previously consolidated cases are "remanded to their respective transferor courts for further proceedings as provided in 28 U.S.C. § 1407(a)."

Section 1407(a) authorizes the Judicial Panel to remand actions that have been consolidated for pretrial proceedings "at or before the conclusion of such pretrial proceedings" to the transferor district courts "unless [such actions] shall have been previously terminated." None of the actions that the Judicial Panel remanded was previously terminated in the pretrial proceedings.

_____

**15** We note that failure to file a timely notice of appeal after entry of the Rule 54(b) order will result in the loss of the right to appeal.

14

Section 1407(e) governs appellate review of orders of the Judicial Panel. This section provides that no proceedings for review of any order of the Judicial Panel may be permitted except by extraordinary writ pursuant to the provisions of 28 U.S.C. § 1651. Since the Judicial Panel acted within the jurisdiction conferred by § 1407(a), there is no occasion for this court to issue an extraordinary writ to reverse the Judicial Panel.

General Tire & Rubber Co. v. Watkins, 373 F.2d 361 (4th Cir. 1967), which is cited as authority in the slip opinion at 11 n.10, is far afield. In that case we dealt with a petition for a writ of mandamus filed by one of the parties. We directed a district court in this circuit to transfer a case to a district in another circuit where a similar case was proceeding. We acted because the issuance of a writ was "the only practical or adequate remedy for an abuse of discretion." 373 F.2d at 364. In the case before us, in contrast, there is no abuse of discretion on the part of either the district court, which gave very cogent reasons for its suggestion of remand, or the Judicial Panel, which acted pursuant to its statutory authority. No other authority is cited for the unprecedented reversal of an order of the Judicial Panel that remands actions pursuant to the authority granted it in § 1407(a).

I have no quarrel with FMC Corporation v. Glouster Engineering Co., 830 F.2d 770 (7th Cir. 1987), or In re Korean Air Lines Disaster of September 1, 1983, 829 F.2d 1171 (D.C. Cir. 1987), which place appellate jurisdiction in the court of appeals of the circuit where the transferee district court is located. But the Judicial Panel had not remanded these cases to the transferor courts. Certainly these cases are not authority for reversing an order of the Judicial Panel.

In the case now before us there is no petition for an extraordinary writ. The parties apparently are well satisfied with the status quo. They urge us to decide the cases now before us. We have three cases before us: cases from the Western and Middle Districts of North Carolina were properly certified, and a final order was entered in one case originating in the Eastern District of North Carolina. Another case from the Eastern District settled or was adjudicated with no appeal taken.

The case from the Eastern District of Virginia, we are told, has been settled or adjudicated, and no appeal will be taken.

15

No final order has been entered in the three South Carolina cases. They have not been certified for appeal, and the parties, we are told, are engaged in settlement negotiations on the claims that Judge Fox did not dismiss. Eventually these cases may come to us either by certification or by final order. Or they may be settled.

We are told that claims in the two Tennessee cases have been settled or adjudicated and that no appeal will be taken.

This leaves only the Florida case where neither a final order nor certification has been entered. We are told the parties are engaged in settlement negotiations as to those claims not dismissed by Judge Fox. We have no jurisdiction over this case because of the Judicial Panel's remand order. I have no doubt that the Eleventh Circuit is capable of deciding any appeal.

Parenthetically, I note that in General Tire & Rubber Co., we observed that we were not concerned "with the problem of whether or not we shall ultimately lose our jurisdiction to review to another appellate court." 373 F.2d at 370. We were, however, concerned with effective judicial administration. To gather back into this circuit the cases the Judicial Panel remanded will, I am afraid, negate effective judicial administration and subject the parties to delay and to needless counsel fees and expenses.

Rather than reaching out to the extraordinary, unsolicited, and ill-advised writ of mandamus, I would consider the merits of the cases before us, realizing that only one other circuit could potentially rule on these issues. The greater danger to our system comes not from possible circuit conflict but from failure to honor the role that Congress prescribed for the transferee court and the Judicial Panel in establishing a system of multidistrict litigation.

16