112 F.Supp.2d 1175 (2000)
In re BASEBALL BAT ANTITRUST LITIGATION.
Baum Research & Development Co., Inc., et al.
v.
Hillerich & Bradsby Co., Inc., et al.
No. 1249.
Judicial Panel on Multidistrict Litigation.
August 3, 2000.
*1176 Before JOHN F. NANGLE, Chairman, LOUIS C. BECHTLE, JOHN F. KEENAN, WM. TERRELL HODGES, MOREY L. SEAR,[*] BRUCE M. SELYA and JULIA SMITH GIBBONS, Judges of the Panel.

REMAND ORDER
JOHN F. NANGLE, Chairman.
Before the Panel is a motion brought, pursuant to Rule 7.6, R.P.J.P.M.L., 192 F.R.D. 459, 470-72 (2000), by the plaintiffs in the above-captioned action (Baum) to vacate the Panel's order conditionally remanding the action from the District of Kansas to the Eastern District of Michigan. National Collegiate Athletic Association, one of the original Baum defendants, supports remand.
On the basis of the papers filed and the hearing held, the Panel finds that remand of Baum in its entirety is appropriate at this time. The Panel's decision thus departs from the suggestion received from the transferee judge that the Panel expressly remand only the one remaining Baum claim that has not been dismissed (i.e., a claim for tortious interference with prospective economic advantage in violation of Michigan law). The transferee court reckoned that this approach would afford it the subsequent opportunity after Section 1407 remand to enter final judgment under Fed.R.Civ.P. 54(b) with respect to its decision i) to overrule plaintiffs' motion for reconsideration of the decision of the Michigan transferor court (entered prior to Section 1407 transfer) dismissing plaintiffs' state and federal antitrust claims for failure to state a claim under Fed. R.Civ.P. 12(b); and ii) to deny plaintiffs' motion to amend the complaint insofar as it sought to restate the antitrust claims. The transferee court endorsed this course of action as consistent with the holding of the appellate court in In re Food Lion, Inc., Fair Labor Standards Act "Effective Scheduling Litigation," 73 F.3d 528 (4th Cir.1996), which the transferee court cited for the proposition that the better practice, if a party wishes to appeal a decision of the transferee court, is to allow that appeal prior to remand. The Food Lion finding, however, was animated by the court's conclusion that it was "clearly more efficient to provide for review by one appellate court in one proceeding rather than leaving open the possibility that [the transferee judge's] decisions could be reconsidered by each of the transferor courts and reviewed by as many as three courts of appeal." Id. at 532-33. Such concerns are not operative in the Baum matter now before the Panel because all other MDL-1249 actions have been dismissed pursuant to stipulations of the parties, and thus there are no actions, apart from Baum, in which any appellate activity could occur. Indeed, the possibility of Baum appeals in two circuits can only arise if the Panel orders remand of less than Baum in its entirety: the United States Court of Appeals for the Tenth Circuit might then review the District of Kansas transferee court's partial judgment entered under Fed.R.Civ.P. 54(b), while the United States Court of Appeals for the Sixth Circuit would hear any appeals arising from further pretrial and/or trial rulings of the Eastern District of Michigan transferor court. We find it far preferable to order remand of the entire Baum action, leaving *1177 both plaintiffs and defendants with one appellate court option. We are of the opinion that, upon full remand, the Court of Appeals for the Sixth Circuit will have power and authority to review any and all rulings made in the case, without regard to whether those rulings were made by the transferee court or the transferor court.
The Baum plaintiffs further urge that regardless of their desire to seek appellate relief in the Tenth Circuit, remand of Baum should also be denied because pretrial discovery remains to be completed and there are pending motions to dismiss that should be decided by the transferee court because of its familiarity with the underlying issues. Apropos of these objections, the following quotation from an earlier Panel opinion is very instructive:
The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [192] F.R.D. [459, 470 (2000)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation, 407 F.Supp. 254, 256 (Jud.Pan.Mult.Lit.1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he [or she] perceives his [or her] role under Section 1407 to have ended. In re Multidistrict Civil Actions Involving Air Crash Disaster Near Dayton, Ohio, on March 9, 1967, 386 F.Supp. 908, 909 (J.P.M.L.1975).
In re Holiday Magic Securities and Antitrust Litigation, 433 F.Supp. 1125, 1126 (Jud.Pan.Mult.Lit.1977). In the matter now before us, the transferee judge has entered an order reflecting her determination that she has completed her task under Section 1407 as transferee judge because i) all actions save Baum have been terminated in the transferee district, and ii) remaining pretrial proceedings in Baum can best be managed in the Eastern District of Michigan before the transferor judge who, under the Supreme Court's ruling in Lexecon, Inc. v. Milberg Weiss Bershad Hynes Lerach, et al., 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998), is the judge who must preside over any eventual Baum trial. We respect and adopt that conclusion and therefore will order remand at this time.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled Baum Research & Development Co., Inc., et al. v. Hillerich & Bradsby Co., Inc., et al., D. Kansas, C.A. No. 2:99-2112 (E.D.Michigan, C.A. No. 2:98-72946), be, and the same hereby is, remanded from the District of Kansas to the Eastern District of Michigan.
NOTES
[*] Judge Sear took no part in the decision of this matter.