In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2438

FEDEX GROUND PACKAGE SYSTEM, INC.,

*Petitioner*,

*v.*

UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION,

*Respondent.*

Petition for a Writ of Mandamus to the
United States Judicial Panel on Multidistrict Litigation
MDL No. 1700

SUBMITTED JULY 27, 2011—DECIDED NOVEMBER 17, 2011

Before MANION, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* This petition for the extra-ordinary writ of mandamus presents an important question concerning the management of appeals in multidistrict litigation under 28 U.S.C. § 1407 when portions of some cases must be returned to their original transferor courts. In this case, the Judicial Panel on Multidistrict Litigation (JPML) chose one of two alternative courses. The JPML chose to ensure that each case

produces one appeal of all issues in that case, rather than using partial final judgments under Federal Rule of Civil Procedure 54(b) to ensure that all related appeals would go to the same circuit. As we explain below, we agree with the JPML that there are strong arguments for both sides of this procedural dispute, and we defer to the JPML's exercise of its discretion in this matter. In terms of the standards for issuing writs of mandamus, we find that the petitioner has failed to show that it has a clear and indisputable right to issuance of the writ, so its petition is denied.

I. *The MDL Litigation*

Delivery drivers for petitioner FedEx Ground Package System, Inc. filed numerous class actions against FedEx alleging that the company improperly classified them as independent contractors rather than employees. Although the cases in federal courts alleged violations of many different state laws, they presented many common questions of fact. Under the authority of 28 U.S.C. § 1407, the JPML consolidated more than 70 of the cases in MDL No. 1700 and transferred those cases to the Northern District of Indiana in 2005 for consolidated pretrial proceedings under the supervision of Judge Robert L. Miller, Jr., a veteran district judge with long experience both as a transferee judge managing MDL cases and as a member of the JPML itself. Judge Miller supervised the cases through several years of discovery and motions practice.

In August 2010, Judge Miller granted a bellwether summary judgment to FedEx on all of the state-law

claims in the Kansas case. He concluded that the class members and named plaintiffs were independent contractors as a matter of law. *In re FedEx Ground Package System, Inc., Employment Practices Litig.*, 734 F. Supp. 2d 557 (N.D. Ind. 2010). In December 2010, Judge Miller granted summary judgment to FedEx on parallel claims in most of the other pending cases, while granting summary judgment to plaintiffs on some claims in a few cases. *In re FedEx Ground Package System, Inc., Employment Practices Litig.*, 758 F. Supp. 2d 638 (N.D. Ind. 2010). Those decisions effectively concluded the coordinated pretrial proceedings. It was time for appeal in the closed cases and remand in the cases that still had open claims that had not been resolved by the summary judgment motions.

The present controversy arose from the fact that Judge Miller's summary judgment decisions resolved all the claims in 22 of the still-pending MDL cases, but other claims remained in the other 12 pending MDL cases. Plaintiffs are appealing in the 22 cases where the transferee court entered final judgments, and those appeals are pending before this circuit. There is no final, appealable judgment in the remaining 12 cases, and there's the rub.

There are two basic options for managing those cases and the expected appeals from the transferee court's decisions in them. One option would be to have Judge Miller issue partial final judgments under Federal Rule of Civil Procedure 54(b), so that plaintiffs would have to appeal immediately in those cases and

the appeals would come to this circuit. There are some obvious advantages to this course by consolidating the closely-related appeals before one circuit. The second option is to follow the usual course at the end of consolidated pretrial proceedings: transfer the cases with remaining claims back to the original transferor courts for further proceedings, including possible appeal after a final judgment. There are some obvious advantages to this course, also, by ensuring that all issues in the same case, involving the same parties and the same facts, will be appealed at once, and to the same circuit. Choosing either option means that the courts will lose the advantages of the other option. The Rule 54(b) option means that the remaining cases will be chopped up for piecemeal appeals. The remand option means that the appeals of similar issues (though under different states' laws) in different cases will go to different circuits.

FedEx favored the Rule 54(b) option; plaintiffs favored the remand option. Judge Miller chose the remand option and recommended that the JPML, which has final authority over the question, remand the remaining 12 cases to their original transferor courts. See R. Proc. J.P.M.L. 10.1(b) (explaining that JPML can remand with or without transferee court's suggestion). The JPML weighed that advice from Judge Miller and agreed to remand those 12 cases to the originating courts without a Rule 54(b) certification. That is the decision FedEx seeks to reverse here by a writ of mandamus. The JPML reviewed the parties' positions and commented: "The evident merit in both views highlights an interesting

intersection between Rule 54(b) and Section 1407. No doubt, one can make strong arguments for either a preference for consistent appeals from a transferee court ruling or a preference that related claims in the same case be taken in the same appeal." The JPML explained that it gave great weight to the transferee court's remand recommendation: "in most instances the transferee judge has an acute sense about the procedural steps necessary to advance the litigation in the fairest and most efficient way." Because the transferee court (Judge Miller) had considered both sides' views and the relevant factors, the JPML accepted that recommendation and ordered accordingly.

II. *Discussion*

To qualify for mandamus relief, FedEx must first show that it has no other adequate means to obtain relief. *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004). FedEx satisfies this requirement: "No proceedings for review of any order of the [JPML] may be permitted except by extraordinary writ." 28 U.S.C. § 1407(e). Second, FedEx must also show that its right to the writ is clear and indisputable, and we must be satisfied that the writ is appropriate under the circumstances. See *Cheney*, 542 U.S. at 381. Moreover, "only exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." *Id.* at 380 (internal quotation marks and citations omitted). FedEx fails to satisfy this second requirement.

In its petition to this court, FedEx offers strong arguments for the benefits of its preferred course. Its arguments give short shrift, however, to the benefits of the other course. At bottom, we agree with the JPML that the choice between the two methods of managing appeals offers "an interesting intersection between Rule 54(b) and Section 1407" and that there are strong arguments for each method.

The choice between these two methods of case management is best left to the transferee court and JPML, without trying to impose a rigid rule for all cases and circumstances. The transferee district court knows well the issues and dynamics of the particular case. The JPML brings to bear decades of experience with more than a thousand MDL proceedings, which have included some of the most complex and challenging cases in the history of the federal courts. The choice between these two methods of case management is an archetype for a discretionary judgment, and the transferee court and the JPML are in the best position to make that judgment. In terms of the standards for issuing writs of mandamus, it would be rare for one party to have a "clear and indisputable right" to one method over the other.

FedEx relies heavily on the Fourth Circuit's decision in a similar MDL proceeding, *In re Food Lion, Inc., Fair Labor Standards Act "Effective Scheduling" Litig.*, 73 F.3d 528 (4th Cir. 1996), in which a divided panel of the Fourth Circuit issued a writ of mandamus to the JPML to undo its orders transferring cases back to their original transferor courts to ensure that all related appeals would go

to the Fourth Circuit itself. Judge Butzner dissented, arguing that the fact-specific nature of MDL litigation called for leaving such case-management decisions to the sound discretion of the transferee court and the JPML. *Id.* at 533-35.

We do not understand the *Food Lion* majority to have adopted a sweeping holding that all MDL cases must be managed to ensure that all related appeals go to only the circuit with jurisdiction over the transferee court. Although the *Food Lion* litigation was similar to this case, the claims there arose under federal law, so that one uniform law applied to claims in all the related cases and thus all the appeals. In the FedEx cases, by contrast, plaintiffs assert rights under the laws of many different states. What may have been the better way to manage the *Food Lion* litigation, which involved claims under federal law, is not necessarily the better way to manage these cases, in which the claims arise under similar but not identical state laws.

The JPML did not abuse its discretion and no exceptional circumstances warrant mandamus relief. FedEx has not shown that it has a clear and indisputable right to the writ, so its petition for a writ of mandamus is DENIED.